## APPEAL OF UNITED STATES FIDELITY & GUARANTY CO.

Docket No. 4263. Decided October 4, 1926.

1. The net addition to reserve funds which an insurance company is entitled to deduct from gross income, under section 234 (a) (10) of the Revenue Act of 1918, is the excess of the reserve funds required by statute law of any State in which it transacts business at the close of the taxable year over the corresponding reserve at the beginning of the taxable year, and it is immaterial that the highest reserve funds required by statute at the close of the year is in a different State from the highest reserve fund required by statute at the beginning of the year.

2. A taxpayer appealing to this Board from a deficiency in income and profits tax found by the Commissioner and entitled to a credit for taxes under the provisions of section 238 of the Revenue Act of 1918, is not barred from claiming such benefit before this Board on the ground that it did not furnish the proof of payment required by article 611 of Regulations 45, requiring it to file with the Commissioner Form 1118.

*J. Kemp Bartlett, Esq.*, for the petitioner.
*George G. Witter, Esq.*, for the Commissioner.

The petitioner appeals from a deficiency in income and profits tax for the year 1919 in the amount of $24,723.40, only a part of which amount is in controversy. The points in issue are: (1) The right of the petitioner to deduct from gross income $1,083.98 for net addition to reserve funds over the amount allowed by the Commissioner; (2) the right of the petitioner to receive a credit under section 238 of the Revenue Act of 1918 of $4,873.60, representing an income tax paid to the Canadian Government during the year 1919; and (3) the right of the petitioner to deduct from gross income $202.12, taxes paid to the Department of Insurance of the Dominion of Canada, which amount it failed to deduct from gross income in its income-tax return for 1919.

### FINDINGS OF FACT.

The petitioner is a Maryland corporation domiciled at Baltimore. Under the provisions of the Excise Tax Act of August 5, 1909, the Income Tax Law of 1913, and subsequent income tax laws, it has made returns of net income to the Federal Government. Under the provisions of the Revenue Act of 1918, it filed a return of its income for the year 1919 with the collector at Baltimore, such return checking with its return made for the same year to the Surety Bonds Division of the Treasury Department of the United States and with the Insurance Department of the State of Maryland. In such return it claimed as a deduction from gross income a net addition to reserve funds represented by the increase in reserve funds at the

close of 1919 required by the Insurance Department of the State of Maryland over the amount of such reserve funds at the beginning of the year. For years prior to 1919, and also for years subsequent to 1919, the petitioner's returns to the collector have been audited upon the basis of the published reports of insurance companies of the State of Maryland. For the year 1919, the Commissioner audited the petitioner's return upon the basis of the petitioner's return to the Insurance Department of the State of New York. The net addition to reserve funds required by the Insurance Department of the State of New York, and also by the statutes of the State of New York, was $1,083.98 less than the amount shown by its return to the Insurance Department of the State of Maryland. The reason for this discrepancy is that the petitioner during the year 1919 reinsured certain of its risks with reinsurance companies which were not admitted to do business in the State of New York. With respect to such reinsurances, the Insurance Department of the State of Maryland permitted the deduction from the premiums received of the amounts paid to the reinsurance companies and required the reserve to be computed on only the balance of the premiums received; the Insurance Department of the State of New York did not permit the deduction of such premiums paid to non-admitted reinsurance companies and computed the reserve upon the total premiums collected from the insured. The result was that the premium reserve shown by the printed report of the Insurance Department of the State of New York was higher at both the beginning and the close of the year 1919 than the reserves shown by the Maryland insurance report. The difference between the required reserve shown by the New York report was $1,083.98 less than the difference shown by the Maryland insurance report, and it is this difference which the Commissioner disallowed the petitioner to deduct from gross income in the audit of its return for the year 1919.

In its income-tax return for the year 1919, the petitioner claimed a credit against a tax due the United States of $5,075.72, representing taxes or assessments paid to the Department of Insurance of the Dominion of Canada. The petitioner did not, however, comply with the provisions of article 611 of Regulations 45 of the Treasury Department, and failed to file with its return or with the Commissioner Form 1118. For lack of proof of the character of the tax claimed as a credit and of the date of payment the Commissioner disallowed the credit.

Under the Special War Revenue Act of 1915 of the Dominion of Canada, " every company, other than a life insurance company, a company transacting marine insurance, a fraternal benefit society and a purely mutual company, licensed or registered or otherwise

authorized to transact in Canada or in any province thereof the business of insurance shall pay to the Minister for the Consolidated Revenue Fund a tax of one per cent upon the net premiums received by it in Canada on and after the first day of January one thousand nine hundred and fifteen." Under this law the petitioner paid to the Department of Insurance of the Dominion of Canada, during the calendar year 1919, $4,873.60, representing one per cent of the net premiums of the company collected in Canada. During the same calendar year it also paid to the Department of Insurance of the Dominion of Canada $202.12, which was an assessment made against it by the Dominion of Canada towards the support of the Department of Insurance.

The total income tax and assessment paid to the Dominion of Canada during the year 1919 was $5,075.72, no part of which was deducted from gross income by the petitioner in its income-tax return made to the collector at Baltimore for the year 1919, but all of which was claimed as a credit against the income and profits tax shown to be due by that return. The petitioner now admits that it was in error in claiming a credit of the $202.12 paid to the Dominion of Canada as an assessment for the support of the Department of Insurance of the Dominion. It claims, however, a credit of the income tax paid to the Dominion of Canada in the amount of $4,873.60, and the deduction from gross income of the $202.12 paid as an assessment.

OPINION.

SMITH: The petitioner complains that the Commissioner failed to audit its income and profits-tax return for the year 1919 from the published report of the Department of Insurance of the State of Maryland, which report was used in auditing its returns for years prior to 1919 and for subsequent years; that if the Commissioner had audited its return by the Maryland report, it would have been entitled to a deduction from gross income of $1,083.98 addition to reserve funds more than the amount allowed by the Commissioner.

The taxing statute permits the petitioner to deduct from gross income " the net addition required by law to be made within the taxable year to reserve funds * * *." Section 234 (a) (10) (a), Revenue Act of 1918. The reserve funds referred to by the statute are the reserve funds required by the statutes of the State or States in which the insurance company transacts business. *United States* v. *Boston Insurance Co.*, 269 U. S. 197. It appears from the evidence that the statutes of the State of New York required the petitioner to maintain larger reserves at January 1, 1919, and at December 31, 1919, than did the statutes of the State of Maryland. The

petitioner was clearly entitled to take the deduction from gross income of the excess amount of such reserves at December 31, 1919, over the highest amount required as a reserve by statutes of any other State in which it transacted business at January 1, 1919. It is immaterial whether the highest reserve required at the beginning and close of 1919 was of Maryland or some other State. We are not informed as to the amount of the reserves required by States other than New York and Maryland. It is clear, however, that the net addition to reserves, as between the States of New York and Maryland, was not in excess of the difference between the reserves required to be held by the statutes of the State of New York on January 1, 1919, and December 31, 1919, since at both dates the reserves were in excess of those of Maryland. The petitioner, following the Maryland insurance report, claimed a deduction from gross income for the year 1919 of a net addition to reserve funds greater than the proof before us indicates it was entitled to claim. The position of the Commissioner upon this point must therefore be sustained.

With respect to the second and third points in issue, no question is raised by the Commissioner but that the one per cent net premium tax paid to the Department of Insurance of the Dominion of Canada is an income tax within the purview of section 238 of the Revenue Act of 1918. The Commissioner contends, however, that the petitioner did not comply with article 611 of Regulations 45, and that it has never filed Form 1118; that such regulation is a reasonable regulation, and that the petitioner has come forward with its proof too late and that the credit for the $4,873.60 should be denied.

The term "deficiency" is defined by the Revenue Acts of 1924 and 1926 as "the amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return; * * *." Section 273. Whether the amount shown as the tax upon the return, or the amount admitted by the petitioner to be due and collectible, is the starting point in the computation of a deficiency, has been determined by this Board in *Appeal of John Moir*, 3 B. T. A. 21. Upon the authority of that decision the Board assumes jurisdiction to determine the point in issue, raised in this appeal.

We are of the opinion that in any case a taxpayer appealing to this Board from a deficiency found by the Commissioner is not too late in submitting evidence to the Board. The petitioner has proven before this Board its right to a credit against income and profits tax due of $4,873.60. The deficiency found by the Commissioner must therefore be reduced in that amount.

The petitioner erroneously claimed a credit against the tax due the United States of $202.12. This tax, however, was paid and was

an ordinary and necessary expense of the petitioner in the conduct of its business in 1919. In the redetermination of the deficiency the petitioner should be given the benefit of such deduction from gross income.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*

TRAMMELL concurs in the result only.